RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 23a0118p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee*,

    *v.*

JARMAINE CARTER,

        *Defendant-Appellant*.

No. 22-3699

───────────────

Appeal from the United States District Court for the Northern District of Ohio at Toledo.
No. 3:21-cr-00420-1—James R. Knepp II, District Judge.

Decided and Filed: June 2, 2023

Before: GRIFFIN, KETHLEDGE, and THAPAR, Circuit Judges.

───────────────

**COUNSEL**

**ON BRIEF:** Krysten E. Beech, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Toledo, Ohio, for Appellant. Jason Manion, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee.

───────────────

**OPINION**

───────────────

THAPAR, Circuit Judge. Jarmaine Carter pled guilty to illegally possessing a firearm. Because Carter had been convicted of robbery, the district court enhanced Carter's sentencing range. On appeal, Carter argues the enhancement was improper because robbery isn't a crime of violence. We disagree and affirm.

I.

After drunkenly beating his wife and threatening to shoot her with a handgun, Carter pled guilty to possessing a firearm as a felon. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). This wasn't Carter's first time in court. He'd already been convicted of felony robbery under Ohio law. *See* Ohio Rev. Code § 2911.02(A)(2) ("Ohio robbery"). And at sentencing for the felon-in-possession offense, the district court held that Ohio robbery is a crime of violence. On that basis, it calculated an enhanced Guidelines range of 37–46 months' imprisonment. *See* U.S.S.G. § 2K2.1(a)(4)(A); *id.* § 4B1.2. Considering the harm Carter caused his wife, the district court suggested the sentence would've been the same even without the enhancement.[1] Ultimately, the court sentenced Carter to 38 months' imprisonment.

II.

On appeal, Carter argues that Ohio robbery is not a crime of violence. We disagree.

The United States Sentencing Guidelines provide for an enhanced sentencing range if a defendant has been convicted of "a crime of violence." *Id.* § 2K2.1(a)(4)(A). The Guidelines list certain crimes that qualify. *Id.* § 4B1.2(a)(2). That list includes robbery and extortion. *Id.*

At first blush, then, our task seems simple: we merely ask whether Carter's conduct satisfies the elements of any enumerated crime of violence. But we're bound to use the "categorical approach." *United States v. Camp*, 903 F.3d 594, 599 (6th Cir. 2018). That means we must ignore the actual facts of Carter's robbery offense and instead decide whether the elements of Ohio robbery are "the same as, or narrower than" the elements of a Guidelines offense. *See Descamps v. United States*, 570 U.S. 254, 257 (2013). If some hypothetical defendant can violate the Ohio robbery law without meeting the elements of a Guidelines-enumerated offense, Carter's robbery offense isn't a crime of violence. *See United States v.*

---

[1]We've invoked the harmless-error doctrine when a district court says it would impose the same sentence with or without an enhancement. *E.g.*, *United States v. Morrison*, 852 F.3d 488, 491 (6th Cir. 2017). Here, at times, the district court suggested Carter's sentence might've been the same even if robbery weren't a crime of violence. But the district court also made other, more equivocal statements. *See, e.g.*, R. 35, Pg. ID 280 (stating the sentence would not be "significantly different"); *id.* at 271 ("I would have *almost* certainly varied upward." (emphasis added)). Thus, we can't say "*with certainty*" that the sentence would've been the same without the enhancement. *United States v. Gillis*, 592 F.3d 696, 699 (6th Cir. 2009) (citation omitted).

*Yates*, 866 F.3d 723, 734 (6th Cir. 2017). That's true even if Carter's conduct did meet those elements. *See id.* at 728.

Making matters more difficult, the Guidelines don't define "robbery." So, to apply the categorical approach to robbery, we would have to construct the elements of "generic" robbery and compare Ohio's statute to that made-up offense. *Id.* at 732–33. That would require us to mull through a host of robbery laws, decide which of their various elements should be included in a "generic" definition of robbery, and then analyze all the hypothetical ways a defendant could violate that generic offense. *See United States v. Burris*, 912 F.3d 386, 409 (6th Cir. 2019) (en banc) (Thapar, J., concurring).

Luckily, there's a simpler way to resolve this case. We've previously considered whether a robbery offense is a categorical match for Guidelines extortion. *Camp*, 903 F.3d at 600. And because the Guidelines define "extortion," we apply that definition rather than constructing our own. *Id.* at 602. Under the Guidelines, extortion is "obtaining something of value from another" by wrongfully using "force, fear of physical injury, or threat of physical injury." U.S.S.G. § 4B1.2 cmt. n.1 (cleaned up). Ohio robbery categorically matches that definition.

## A.

The Ohio robbery statute contains three divisible subsections. Ohio Rev. Code § 2911.02(A); *see United States v. Butts*, 40 F.4th 766, 770 (6th Cir. 2022). Carter was convicted under Section (A)(2), which provides that "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall . . . [i]nflict, attempt to inflict, or threaten to inflict physical harm on another." Ohio Rev. Code § 2911.02(A)(2). We count four elements: (1) theft or attempted theft and (2) physically harming, attempting to harm, or threatening to harm (3) another person (4) during the theft or attempted theft. These elements are the same as, or narrower than, the elements of Guidelines extortion. We address each in turn.

*Theft*. The first element of Ohio robbery—theft or attempted theft—is narrower than the corresponding requirement in the Guidelines. The Guidelines require that an extortionist "obtain[] something of value from another," which is satisfied when an offender gains control over the object. U.S.S.G. § 4B1.2 cmt. n.1; *Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S.

393, 405 (2003). Ohio's theft statute has the same requirement: an individual must "obtain or exert control over . . . property or services." Ohio Rev. Code § 2913.02(A) (defining theft). Of course, an individual can commit Ohio robbery by merely "attempting" a theft offense. Ohio Rev. Code § 2911.02(A)(2). But the same is true under the Guidelines: crimes of violence "include the offenses of aiding and abetting, conspiring, and *attempting* to commit such offenses." U.S.S.G. § 4B1.2 cmt. n.1 (emphasis added).

Ohio's first element has additional requirements that the Guidelines lack. Unlike the Guidelines, Ohio theft requires an individual to have "knowingly" obtained property "with [the] purpose to deprive the owner of property." Ohio Rev. Code § 2913.02(A). And Ohio theft is complete only if an individual acts without consent or by deception, threat, or intimidation. *Id.* Because it circumscribes less conduct, the first element of Ohio robbery is narrower than the Guidelines' extortion elements. It's not possible for a defendant to commit the first element of Ohio robbery without meeting the corresponding element of Guidelines extortion.

*Physical Harm.* The second element of Ohio robbery is the same as the corresponding element in the Guidelines. Ohio law requires an individual to "[i]nflict, attempt to inflict, or threaten to inflict physical harm." Ohio Rev. Code § 2911.02(A)(2). So do the Guidelines. They require "force, fear of physical injury, or threat of physical injury." U.S.S.G. § 4B1.2 cmt. n.1 (cleaned up). The only difference is that Ohio robbery expressly lists "attempt" to inflict physical harm. But again, the Guidelines cover attempts. *Id.*

*On Another.* The third element of Ohio robbery is that the "person" must inflict harm "on another." *See* Ohio Rev. Code § 2911.02(A)(2). The Guidelines don't specify whether the physical-injury requirement is satisfied by injury to property. U.S.S.G. § 4B1.2 cmt. n.1. Several circuits have interpreted "physical injury" to mean injury "against the person of another." *United States v. Chappelle*, 41 F.4th 102, 111 (2d Cir. 2022); *United States v. Scott*, 14 F.4th 190, 197 (3d Cir. 2022); *United States v. Edling*, 895 F.3d 1153, 1157 (9th Cir. 2018); *United States v. O'Connor*, 874 F.3d 1147, 1157–58 (10th Cir. 2017). But whether or not we accept these circuits' gloss, Ohio's version of this element is still the same or narrower. If the Guidelines require harm to another individual, the elements are the same. And if not, the

Guidelines extend beyond Ohio robbery.  Either way, Ohio robbery isn't broader than Guidelines extortion.

*During or Immediately After*. The final element of Ohio robbery requires the physical harm to occur during theft or while "fleeing immediately after."  Ohio Rev. Code § 2911.02(A)(2).  Here, "immediately after" means without "any delay or lapse of time" between theft and flight.  *State v. Thomas*, 832 N.E.2d 1190, 1192 (Ohio 2005).  The Guidelines' definition doesn't list any concurrence requirement.  *See* U.S.S.G. § 4B1.2 cmt. n.1.  Thus, if the Guidelines differ from Ohio robbery on this element, the Guidelines are broader than Ohio robbery.

In sum, the elements of Ohio robbery are "the same as, or narrower than," the Guidelines' elements of extortion.  *See Camp*, 903 F.3d at 600 (citation omitted).

## B.

Carter doesn't dispute that his Ohio robbery offense is a categorical match for extortion. Instead, he argues we can't compare his robbery charge to Guidelines extortion.  Because the crime he was convicted of is called robbery, he says, we can compare it only to Guidelines robbery.  We disagree.

For one, Carter's argument conflicts with circuit precedent.  We've elsewhere analyzed whether Hobbs Act robbery—which is also called robbery—matches extortion.  *Id.* at 602 ("[W]e must next determine whether Hobbs Act robbery is a categorical match with the enumerated offense of extortion.").  For another, Carter's argument conflicts with the Guidelines' text, which says "any" offense matching an enumerated offense is a crime of violence.  U.S.S.G. § 4B1.2(a).  The Guidelines thus don't require that the state crime share the same name as the enumerated offense.  *See id.*  Several of our sister circuits have come to the same conclusion, stating it's possible for a robbery law to categorically match Guidelines extortion.  *Chappelle*, 41 F.4th at 110–11; *Scott*, 14 F.4th at 196–97; *Edling*, 895 F.3d at 1157; *O'Connor*, 874 F.3d at 1155–58.

In response, Carter points to our decision in *United States v. Rede-Mendez*, 680 F.3d 552, 556 (6th Cir. 2012), in which we said the offense of conviction must fall within the generic definition of "that" crime.  But that statement is dicta—*Rede-Mendez* didn't consider whether a crime could be a categorical match for an enumerated offense of a different name, so nothing turned on the statement Carter cites.  *See id.*  Thus, we're not bound by it.  *Wright v. Spaulding*, 939 F.3d 695, 701 (6th Cir. 2019).  And even if we were, *Rede-Mendez* cuts against Carter's argument.   Just one line before the statement cited by Carter, we cautioned against overemphasizing the label of the crime:  a crime doesn't qualify as a crime of violence "just because it has the same name as one of the enumerated offenses."  680 F.3d at 556.  Carter's out-of-context dicta isn't enough to overcome the text of the Guidelines and binding circuit precedent.

*            *            *

We affirm.