RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 24a0033p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

ALEXANDER IVY,

*Defendant-Appellant*.

No. 22-4052

───────────────

Appeal from the United States District Court
for the Northern District of Ohio at Youngstown.
No. 4:22-cr-00059-1—Donald C. Nugent, District Judge.

Argued: January 30, 2024

Decided and Filed: February 20, 2024

Before: SILER, MATHIS, and BLOOMEKATZ, Circuit Judges.

───────────────

## COUNSEL

**ARGUED:** Catherine Adinaro Shusky, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Cleveland, Ohio, for Appellant. Jason Manion, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee. **ON BRIEF:** Catherine Adinaro Shusky, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Cleveland, Ohio, for Appellant. Jason Manion, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee.

───────────────

## OPINION

───────────────

MATHIS, Circuit Judge. Alexander Ivy pleaded guilty to possession of methamphetamine with intent to distribute and being a felon in possession of a firearm. At sentencing, the district court enhanced Ivy's Sentencing Guidelines range upon finding that

Ivy's prior conviction for aggravated robbery under Ohio law was a "crime of violence" under the Guidelines. We hold that a conviction for aggravated robbery with a deadly weapon under Ohio Revised Code § 2911.01(A)(1), without further information that the aggravated-robbery conviction is predicated on a particular underlying theft offense, is not a crime of violence. We thus vacate Ivy's sentence and remand to the district court for resentencing.

**I.**

On March 24, 2021, Ivy went to a drug house to purchase drugs. While he was there, police officers executed a search warrant on the house. When the police arrived, Ivy picked up a gun and placed it inside a kitchen drawer. The police recovered the gun, and DNA testing revealed that Ivy had touched it. The officers also recovered 29 methamphetamine pills.

A grand jury indicted Ivy for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Ivy pleaded guilty to both counts of the indictment with a plea agreement.

Ivy had previously been convicted of multiple Ohio felonies, including aggravated robbery. *See* OHIO REV. CODE ANN. § 2911.01(A)(1). At sentencing, the district court found that Ivy's prior aggravated-robbery conviction was a "crime of violence" under the Guidelines. Without such a finding, Ivy's Guidelines range would likely have been 46 to 57 months' imprisonment. Because the district court designated Ivy's prior aggravated-robbery conviction as a crime of violence, Ivy's Guidelines range increased to 92 to 115 months' imprisonment. Ultimately, the district court sentenced Ivy to a below-Guidelines sentence of 75 months' imprisonment. Ivy timely appealed.

**II.**

We must decide whether the district court erred in finding that Ivy had a conviction for a crime of violence before he committed the offense of being a felon in possession of a firearm. We review the district court's answer to this legal question de novo. *United States v. Hawkins*, 554 F.3d 615, 616 (6th Cir. 2009).

Under the Guidelines, a defendant with a felon-in-possession conviction generally begins with a base offense level of 14. U.S.S.G. § 2K2.1(a)(6). But if the defendant committed the felon-in-possession offense after having been previously convicted "of either a crime of violence or a controlled substance offense," his base offense level jumps to 20. *Id.* § 2K2.1(a)(4)(A).

The Guidelines define a "crime of violence" as:

any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

*Id.* § 4B1.2(a) (2018). We commonly refer to subpart (1) as the elements clause and subpart (2) as the enumerated-offenses clause. We consider if Ohio aggravated robbery with a deadly weapon is a crime of violence under either clause.

**III.**

Ivy's aggravated-robbery conviction arises from a violation of Ohio Revised Code § 2911.01(A)(1). That statute makes it a first-degree felony for an offender to possess a deadly weapon and "either display the weapon, brandish it, indicate that the offender possesses it, or use it" while "attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code." OHIO REV. CODE ANN. § 2911.01(A)(1). Section 2913.01 in turn identifies more than 30 different "theft offenses." *Id.* § 2913.01(K). An offender thus commits Ohio aggravated robbery by perpetrating any one of the predicate theft offenses while possessing and using a deadly weapon. Section 2913.01(K) specifies some serious theft offenses, such as robbery, burglary, and aggravated theft. *Id.* § 2913.01(K)(1) (citing §§ 2911.02, 2911.12(A), 2913.02(B)(2)). But the list of theft offenses also includes seemingly less serious offenses, such as tampering with coin machines, safecracking, insurance fraud, and workers' compensation fraud. *Id.* (citing §§ 2911.31, 2911.32, 2913.47, 2913.48). Ivy's state-court indictment and judgment of conviction do not specify the predicate theft offense for his aggravated-robbery conviction.

**A.**

We first consider whether Ivy's Ohio aggravated-robbery conviction is a crime of violence under the Guidelines' elements clause.  It is not.  In *United States v. White*, we recently held that after *Borden v. United States*, 593 U.S. 420 (2021), an Ohio aggravated-robbery conviction is not a crime of violence under Armed Career Criminal Act's elements clause unless its predicate theft offense has as an element the "knowing or purposeful 'use, attempted use, or threatened use of physical force against the person of another.'"  58 F.4th 889, 899 (6th Cir. 2023).  We can apply our interpretation of the Armed Career Criminal Act's elements clause to the Guidelines' elements clause because those clauses "are identical."  *United States v. Burris*, 912 F.3d 386, 392 (6th Cir. 2019) (en banc).

Because Ivy's state-court indictment and judgment for his aggravated-robbery conviction do not identify his predicate theft offense, the government cannot show that the conviction required a knowing or purposeful use of force and falls within the purview of the Guidelines' elements clause.  *White*, 58 F.4th at 899.  The government does not challenge this conclusion.

**B.**

We next consider whether Ivy's conviction for Ohio aggravated robbery is a crime of violence under the Guidelines' enumerated-offenses clause.  The government argues that Ohio aggravated robbery is a match for either robbery or extortion under the Guidelines.  *See* U.S.S.G. § 4B1.2(a)(2).  To determine if a prior conviction matches one of the offenses listed in the enumerated-offenses clause, we apply the categorical approach and assess whether the prior conviction's elements "are the same as, or narrower than, those of the generic offense" listed in the enumerated-offenses clause.  *Descamps v. United States*, 570 U.S. 254, 257 (2013).  "[I]f the crime of conviction covers any more conduct than the generic offense," then the predicate crime does not match an enumerated offense even if the defendant's actual conduct "fits within the generic offense's boundaries."  *Mathis v. United States*, 579 U.S. 500, 504 (2016).  Thus, if the Ohio aggravated-robbery statute "reaches conduct outside the scope of" the generic offense, such that a hypothetical defendant can receive a conviction under the statute without satisfying the

elements of the offense identified in the Guidelines, then it "does not constitute a crime of violence." *United States v. Yates*, 866 F.3d 723, 734 (6th Cir. 2017).

The Ohio aggravated-robbery statute, we have explained, is "twice divisible." *United States v. Wilson*, 978 F.3d 990, 997 (6th Cir. 2020). That is, the statute not only requires us to determine the type of aggravated robbery at issue—§ 2911.01(A)(1), (2), or (3)—but also, which of the more than 30 theft offenses mentioned in § 2913.01(K) underlies the conviction. *Id.* at 997–99. We therefore apply the modified categorical approach "to determine which alternative element" in the statute "formed the basis of the defendant's conviction." *Descamps*, 570 U.S. at 278. This approach allows us to look past "the mere fact of conviction" to other sources, such as charging documents and written plea agreements, to determine if Ivy's aggravated-robbery conviction is a crime of violence under the Guidelines. *Taylor v. United States*, 495 U.S. 575, 602 (1990); *United States v. Jamison*, 85 F.4th 796, 802 (6th Cir. 2023). At the first divisibility step, we look to the *Shepard* documents to determine Ivy's predicate theft offense—one of the more than 30 different theft offenses listed in Ohio Revised Code § 2913.01(K). *Wilson*, 978 F.3d at 997–98. And at the second step, we must determine which of the three possible actions Ivy took while committing the predicate theft offense. *Id.*; OHIO REV. CODE ANN. § 2911.01(A)(1)-(3). In essence, each of § 2913.01(K)(1)'s more than 30 theft offenses combines with a prohibited action in § 2911.01(A) to create a distinct aggravated-robbery offense. *See Wilson*, 978 F.3d at 999. And where, as here, the *Shepard* documents "do not make clear" under which theft offense the defendant was convicted, we "must presume" that the aggravated-robbery conviction "rested upon nothing more than the least of the acts criminalized" by the Ohio law. *Burris*, 912 F.3d at 406 (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013)).

Applying this analysis, we find that Ohio's aggravated-robbery statute criminalizes a broader range of conduct than both robbery and extortion, so a conviction for Ohio aggravated robbery with a deadly weapon that does not specify the predicate theft offense is not a crime of violence under the Guidelines.

**1.**

*Is Ivy's Ohio aggravated-robbery conviction broader than generic robbery?* The Guidelines in effect at Ivy's sentencing did not define robbery.[1] When the Guidelines do not define an enumerated offense, we use the offense's generic meaning. *United States v. Camp*, 903 F.3d 594, 602 (6th Cir. 2018). To ascertain that meaning, we look at "how the crime is described across jurisdictions, as well as consulting sources such as the Model Penal Code." *United States v. Rede-Mendez*, 680 F.3d 552, 556 (6th Cir. 2012) (citing *Taylor*, 495 U.S. at 598 n.8). We have held previously that generic robbery "constitutes the 'misappropriation of property under circumstances involving immediate danger to the person.'" *Yates*, 866 F.3d at 734 (quoting *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 380 (5th Cir. 2006)); *accord Camp*, 903 F.3d at 601.

But what is the mens rea for generic robbery? Most states' robbery statutes require "that property be taken 'by means of force or putting in fear'—which suggests a mens rea of purposefulness." *United States v. Beard*, No. 22-3398, 2023 WL 4230048, at *3 (6th Cir. May 22, 2023) (order) (quoting *Yates*, 866 F.3d at 733). The Model Penal Code and a minority of state robbery statutes "reference 'bodily injury suffered by or threatened against the victim' and thus suggest a mens rea of recklessness." *Id.* (quoting *Yates*, 866 F.3d at 734). Generic robbery therefore has a mens rea of at least recklessness.

The result: generic robbery requires a defendant to (1) misappropriate property in a way that involves "immediate danger" to another person (2) with a mens rea of at least recklessness. We must compare Ohio aggravated robbery to generic robbery using the modified categorical approach to see if it "fits within" the meaning of generic robbery. It does not.

---

[1]Effective November 1, 2023, the Sentencing Commission amended the Guidelines to include a definition for robbery. *See* U.S.S.G. § 4B1.2(e)(3) (2023). That definition does not apply to this case. Relying on Guidelines amendments that become effective after the defendant committed the crime for which the defendant is sentenced violates the U.S. Constitution's Ex Post Facto Clause if that version yields a higher sentencing range than the one in effect during the relevant conduct. *See Peugh v. United States*, 569 U.S. 530, 544 (2013) ("A retrospective increase in the Guidelines range applicable to a defendant creates a sufficient risk of a higher sentence to constitute an *ex post facto* violation.").

First, consider whether the least culpable forms of Ohio aggravated robbery require misappropriating property under circumstances giving rise to "immediate danger" to another person.  Even setting aside whether all the predicate theft offenses involve misappropriating property, they certainly cover situations "that do *not* involve immediate danger to the person." *Camp*, 903 F.3d at 602 (quotation omitted).  The difference between aggravated burglary and breaking and entering, both predicate theft offenses to Ohio aggravated robbery, makes this plain.  *See* OHIO REV. CODE. ANN. § 2911.01 (incorporating theft offenses of § 2913.01(K)). Aggravated burglary requires a defendant to trespass into an *occupied* structure with a deadly weapon, meaning the armed defendant could present an immediate danger to the person inside the building based on the elements of that theft offense.  *Id.* § 2911.11.  On the other hand, a defendant does not create such danger by trespassing into an unoccupied structure, which likely explains why Ohio punishes breaking and entering less severely than aggravated burglary. *Compare id.* § 2911.11 (designating aggravated burglary as a first-degree felony) *with id.* § 2911.13 (designating breaking and entering as a fifth-degree felony).  And we must consider the *"least* serious conduct," such as breaking and entering, in our application of the modified categorical approach to Ohio aggravated robbery.  *See Nicholson v. United States*, 78 F.4th 870, 885 (6th Cir. 2023).  Likewise, an offender may commit many other theft offenses without immediate danger to another person. *See, e.g.,* OHIO REV. CODE ANN. §§ 2913.03, 2913.04, 2913.11, 2913.21, 2913.31, 2913.32, 2913.33, 2913.34, 2913.40, 2913.42, 2913.43, 2913.44, 2913.45, 2913.47, 2913.48 (providing nonviolent misdemeanor theft offenses for unauthorized use of a vehicle, unauthorized use of property, passing bad checks, misuse of credit cards, forging identification cards, criminal simulation, making slugs, trademark counterfeiting, Medicaid fraud, tampering with records, securing writings by deception, personating an officer, defrauding creditors, insurance fraud, and workers' compensation fraud).

The government conflates the "implied threat to inflict physical harm" inherent in the Ohio aggravated robbery's deadly-weapon element with the "immediate danger" required under generic robbery. *Compare State v. Evans*, 911 N.E.2d 889, 894 (Ohio 2009), *with Yates*, 866 F.3d at 733. As the government argues, the Ohio Supreme Court considers "the very act of displaying, brandishing, indicating possession, or using [a] weapon" a "threat to inflict harm because it intimidates the victim into complying[.]" *Evans*, 911 N.E.2d at 894.  But an "implied

threat" of physical harm—which under Ohio law may be accomplished by breaking and entering an *unoccupied* structure—does not equate to "circumstances involving immediate danger to a person." *Yates*, 866 F.3d at 734. The former may never raise the possibility of confrontation, whereas "[generic] robbery is defined as to guarantee it." *Id.* at 733. By including theft offenses that do not present any immediate danger, Ohio aggravated robbery stretches beyond the scope of generic robbery.

Next, what about the mens rea for Ohio aggravated robbery? In *State v. Lester*, the Ohio Supreme Court held that the deadly-weapon element of aggravated robbery has no mens rea requirement. 916 N.E.2d 1038, 1044 (Ohio 2009). As such, a "hypothetical defendant" could "negligently" commit Ohio aggravated robbery and "the Ohio courts would sustain convictions under § 2911.01(A)(1) under such circumstances." *White*, 58 F.4th at 899. Because Ohio aggravated robbery with a deadly weapon has *no* mens rea, it "covers [] more conduct than the generic offense" of robbery, *Mathis*, 579 U.S. at 504, and does not "constitute a crime of violence under the enumerated-offenses clause," *Beard*, 2023 WL 4230048, at *4.

The government argues that this conclusion requires us to take *Borden*'s holding that an offense requiring only a mens rea of recklessness does not count as a violent felony under the Armed Career Criminal Act's elements clause and impose it on the Guidelines' enumerated-offenses clause. But we do not rely on *Borden*. We instead follow our precedent and rely on this court's survey of state robbery statutes and consider other persuasive authorities, like the Model Penal Code. *See Rede-Mendez*, 680 F.3d at 556. That authority shows that Ohio aggravated robbery with a deadly weapon penalizes more conduct than generic robbery. We need not decide whether *Borden* applies to the Guidelines' enumerated-offenses clause.

The government further argues that the Sentencing Commission did not indicate that it intended to add mens rea requirements to the offenses identified in the enumerated-offenses clause. But our precedent—particularly *Rede-Mendez*—instructs us how to define the crimes the Sentencing Commission included in the enumerated-offenses clause but did not define. Based on that precedent, generic robbery has a mens rea of at least recklessness as to its force requirement. *Beard*, 2023 WL 4230048, at *3.

**2.**

*Is Ivy's Ohio aggravated-robbery conviction broader than extortion?* Ohio aggravated robbery with a deadly weapon is a crime of violence under the Guidelines enumerated-offenses clause if its "elements are the same as, or narrower than," the elements of Guidelines extortion. *Camp*, 903 F.3d at 600 (quoting *Descamps*, 570 U.S. at 257). The Guidelines commentary defines extortion, so "we apply that definition rather than constructing our own." *Id.* at 602. At the time of Ivy's sentencing, the Guidelines defined extortion as "obtaining something of value from another by the wrongful use of (A) force, (B) fear of physical injury, or (C) threat of physical injury." U.S.S.G. § 4B1.2 cmt. n.1 (2018).[2]

We must decide whether Ohio aggravated robbery with a deadly weapon requires an offender to obtain something of value from another person. If it does, then Ohio aggravated robbery does not cover more conduct than the Guidelines' definition of extortion. But if it does not, aggravated robbery is broader than extortion and, as such, it is not a crime of violence. Again, we use the modified categorical approach while recognizing that the Ohio aggravated-robbery statute is "twice divisible." *Wilson*, 978 F.3d at 997. In doing so, we hold that the Ohio aggravated-robbery statute, without a specified predicate theft offense, does not require an offender to obtain something of value from another person to violate the statute.

As explained above, the *Shepard* documents in this case reveal that Ivy committed aggravated robbery with a deadly weapon in violation of Ohio Revised Code § 2911.01(A)(1), but they do not specify any predicate theft offense. They indicate only that Ivy committed a "theft offense as defined in Section 2913.01 of the Revised Code." D. 32–2 at p.2. Because we do not know which of the more than 30 theft offenses underlie Ivy's conviction, "we must consider the 'minimum conduct criminalized' by *any* of them." *Wilson*, 978 F.3d at 996 (quoting *Moncrieffe*, 569 U.S. at 191).

---

[2]Effective November 1, 2023, this definition is now in the text of § 4B1.2 instead of the commentary. *See* U.S.S.G. § 4B1.2(e)(2). But, as with robbery, we apply the 2018 version of the Guidelines. The 2018 version of the Guidelines do not include attempt and lack of consent in the *text* of the Guidelines definition of extortion; that is only in the commentary. Thus, Ivy argues that under *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc), it is improper to rely on the expanded commentary definition while we conduct the modified categorical approach. We need not reach that issue, however, because even without considering attempt or consent, Ohio aggravated robbery without indication of a predicate theft offense does not fit within the commentary definition of extortion.

Not all the predicate theft offenses require "obtaining something of value from another," as required by the Guidelines definition of extortion. U.S.S.G. § 4B1.2 cmt. n.1 (2018). For example, one of the theft offenses listed in § 2913.01(K) provides that "[n]o person, by force, stealth, or deception, shall trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is likely to be present." OHIO REV. CODE ANN. § 2911.12(B). Likewise, breaking and entering forbids "trespass[ing] on the land or premises of another, with purpose to commit a[ny] felony"—not just a property crime. *Id.* § 2911.13(B). As the plain text reveals, in committing these offenses, an offender is not required to take anything of value from another person. And notably, some of the theft offenses "do not require physical proximity to a victim or his property." *Wilson*, 978 F.3d at 995. Because Ohio aggravated robbery with a deadly weapon without a specified predicate theft offense is broader than extortion, Ivy's conviction is not a crime of violence under the enumerated-offenses clause.

The government argues that we should extend *United States v. Carter*, 69 F.4th 361 (6th Cir. 2023), because its reasoning, in the government's view, compels us to conclude that Ohio aggravated robbery is a crime of violence under the Guidelines. In *Carter*, we held that Ohio robbery—not aggravated robbery—was a crime of violence because it "categorically matches" the Guidelines commentary's definition of extortion. 69 F.4th at 363; *see* OHIO REV. CODE ANN. § 2911.02. Ohio robbery requires the offender to "attempt[] or commit[] a theft offense" while: (1) possessing a deadly weapon; (2) "inflict[ing], attempt[ing] to inflict, or threaten[ing] to inflict harm on another;" or (3) using, or threatening to use, "force against another." OHIO REV. CODE ANN. § 2911.02(A). Thus, like Ohio aggravated robbery, Ohio robbery is doubly divisible: (1) a defendant commits one of three versions of robbery (2) while committing one of the numerous theft offenses listed in § 2913.01(K). *See United States v. Butts*, 40 F.4th 766, 770–72 (6th Cir. 2022).

Despite the similarities between Ohio robbery and aggravated robbery, *Carter* does not help the government. In *Carter*, as we emphasized, the defendant did not "dispute that his Ohio robbery offense is a categorical match for extortion." 69 F.4th at 365. Instead, the defendant argued that because his prior conviction was for Ohio robbery, the panel could not compare it to Guidelines extortion, "only to Guidelines robbery." *Id.* We rejected that argument given our

established precedent. *Id.* (citing *Camp*, 903 F.3d at 602 (considering "whether Hobbs Act robbery is a categorical match with the enumerated offense of extortion.")). Because the *Carter* defendant never argued that his robbery conviction did not match extortion if we compared the two, he failed to argue the doubly divisible nature of the Ohio robbery statute as established in *Wilson*. And because the *Carter* panel "was not presented with the argument that [Ohio robbery] is twice divisible, it had no occasion to consider" the issue that we must now resolve. *Wilson*, 978 F.3d at 999.

Instead, *Carter* relied on "theft" as the predicate theft offense for the defendant's robbery conviction. 69 F.4th at 364. Theft, codified at Ohio Revised Code § 2913.02, is just one of the many predicate theft offenses for Ohio aggravated robbery and robbery. The defendant in *Carter* never argued that the panel could not presume that theft under § 2913.02 was the underlying theft offense for his § 2911.02 conviction. But Ivy argues correctly that we cannot rely on theft as the predicate offense here because theft is not listed as the predicate offense in his *Shepard* documents. Accordingly, based on the arguments here and our precedent in *Wilson*, we must compare the Guidelines' definition of extortion to the minimum conduct criminalized by any of the more than 30 theft offenses. And that minimum conduct does not "fit[] within" the definition of extortion. *Mathis*, at 579 U.S. at 504.

\*　　　\*　　　\*

In sum, under the 2018 version of the Guidelines, Ohio aggravated robbery with a deadly weapon, where no predicate theft offense is identified in the *Shepard* documents, is not a crime of violence under the Guidelines' elements clause or the enumerated-offenses clause. Therefore, the district court erred in finding that Ivy had previously been convicted of a crime of violence.

## IV.

For these reasons, we **VACATE** Ivy's sentence and **REMAND** for resentencing consistent with this opinion. We **GRANT** Ivy's and the government's respective motions to take judicial notice.