RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 25a0284p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

KENNETH EVANS,

*Defendant-Appellant*.

⎫
⎪
⎪
⎬  No. 23-3855
⎪
⎪
⎭

─────────────────

Appeal from the United States District Court for the Northern District of Ohio at Cleveland.
No. 1:22-cr-00090-1—Pamela A. Barker, District Judge.

Decided and Filed:  October 16, 2025

Before:  GRIFFIN, THAPAR, and MATHIS, Circuit Judges.

─────────────────

## COUNSEL

**ON BRIEF:**  Edward L. Metzger III, OMEGA LAW PLLC, Union, Kentucky, for Appellant.
Adam J. Joines, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee.

─────────────────

## OPINION

─────────────────

MATHIS, Circuit Judge.  Kenneth Evans pleaded guilty to being a felon in possession of a firearm and ammunition.  He now challenges the procedural reasonableness of his 57-month sentence, arguing that the district court improperly increased his advisory Sentencing Guidelines range upon finding that his prior conviction for aggravated robbery under Ohio law is a "crime of violence," as the Guidelines define that term.

We disagree. Aggravated robbery with a deadly weapon under Ohio law, when predicated on theft, qualifies as a crime of violence under the Guidelines. We thus affirm.

**I.**

On October 14, 2021, officers observed Kenneth Evans and another person conduct a hand-to-hand transaction in a vehicle. The officers approached, smelled marijuana, searched the car, and discovered a loaded pistol. Evans admitted that he touched the pistol and that he was on parole, so the officers took him into custody.

Based on this conduct, a federal grand jury indicted Evans for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). He pleaded guilty to the offense.

Evans had been convicted previously of multiple Ohio felonies, including one conviction for aggravated robbery, in violation of Ohio Revised Code § 2911.01(A)(1). The aggravated-robbery conviction increased Evans's Guidelines range from 24 to 30 months' imprisonment to 46 to 57 months' imprisonment. The district court sentenced Evans to 57 months' imprisonment. Evans timely appealed, asserting that his aggravated-robbery conviction is not a crime of violence. We review de novo the district court's answer to this legal question. *United States v. Cervenak*, 135 F.4th 311, 320 (6th Cir. 2025) (en banc).

**II.**

Under the Guidelines, a defendant with a felon-in-possession conviction generally begins with a base offense level of 14. U.S.S.G. § 2K2.1(a)(6) (2021).[1] But if the defendant has a prior felony conviction for a crime of violence, his base offense level increases to 20. *Id.* § 2K2.1(a)(4)(A).

The Guidelines define the term "crime of violence." That term means "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that":

---

[1]We use the version of the Guidelines in effect at the time of Evans's sentencing. U.S.S.G. § 1B1.11(a).

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

*Id.* § 4B1.2(a).

Evans argues that his prior aggravated-robbery conviction is not a crime of violence under subpart (1), the elements clause, or subpart (2), the enumerated-offenses clause. But Evans's aggravated-robbery conviction is a match for Guidelines extortion under the enumerated-offenses clause. We therefore need not consider whether his aggravated-robbery conviction is a crime of violence under the elements clause or whether his conviction matches Guidelines robbery under the enumerated-offenses clause.

We use the categorical approach to determine whether a prior conviction matches Guidelines extortion. *Mathis v. United States*, 579 U.S. 500, 504 (2016). This requires us to "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime." *Descamps v. United States*, 570 U.S. 254, 257 (2013). Evans's aggravated-robbery conviction is a crime of violence under the Guidelines only if the elements of the offense "are the same as, or narrower than, those of the generic offense." *Id.* In our inquiry, we ignore the "underlying brute facts or means" by which the defendant commits his crime. *Mathis*, 579 U.S. at 509 (quoting *Richardson v. United States*, 526 U.S. 813, 817 (1999)).

**III.**

We must compare the elements of Evans's aggravated-robbery conviction with Guidelines extortion.

Start with Evans's prior conviction. Ohio's aggravated-robbery statute provides, in pertinent part:

> No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:

> (1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it;
>
> (2) Have a dangerous ordnance on or about the offender's person or under the offender's control;
>
> (3) Inflict, or attempt to inflict, serious physical harm on another.

Ohio Rev. Code Ann. § 2911.01(A). The Ohio legislature defines "theft offense" to include more than 30 different offenses. *Id.* § 2913.01(K).

Ohio's aggravated-robbery statute is a divisible statute. A divisible statute "sets out one or more elements of the offense in the alternative." *Descamps*, 570 U.S. at 257. In fact, the statute is "twice divisible," first by "the type of aggravated robbery at issue," and second by "which of the more than 30 theft offenses mentioned in § 2913.01(K) underlies the conviction." *United States v. Ivy*, 93 F.4th 937, 943 (6th Cir. 2024) (quotation omitted). So we use "the modified categorical approach to determine which alternative element[s] . . . formed the basis of the defendant's conviction." *Id.* (citation modified). In doing so, we may look at "other sources, such as charging documents and written plea agreements," which we refer to as *Shepard*[2] documents. *Id.*; *see also United States v. Adkins*, 729 F.3d 559, 567–68 (6th Cir. 2013) (holding that an Ohio state court "journal entry . . . constitutes a valid *Shepard* document").

The indictment and journal entry in Evans's state court proceedings show that he pleaded guilty to aggravated robbery in violation of Ohio Revised Code § 2911.01(A)(1). And Evans's indictment specifies that the underlying theft offense was Ohio Rev. Code § 2913.02—Ohio's theft statute. Under the theft statute, "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or service in [one of five listed] ways." Ohio Rev. Code Ann. § 2913.02(A).

---

[2]*See Shepard v. United States*, 544 U.S. 13, 16 (2005).

Turn next to Guidelines extortion.  The elements of extortion are "[1] obtaining something of value from another [2] by the wrongful use of (A) force, (B) fear of physical injury, or (C) threat of physical injury."  U.S.S.G. § 4B1.2 cmt. n.1; *Cervenak*, 135 F.4th at 323.

So we must determine whether § 2911.01(A)(1) aggravated robbery predicated on § 2913.02 theft matches, or is narrower than, Guidelines extortion.  It is a match.

**A.**

Does § 2911.01(A)(1) aggravated robbery by § 2913.02 theft require an offender to obtain something of value from another?  Yes.  To commit aggravated robbery in this manner, an offender must "obtain or exert control over either the property or services" of another with the purpose of depriving the owner of the property or services.  Ohio Rev. Code Ann. § 2913.02(A); *see United States v. Coleman*, No. 23-3924, 2025 WL 2391391, at \*7 (6th Cir. Aug. 18, 2025) ("Depriving someone of their property or services parallels 'obtaining something of value' from that person."); *United States v. Mandela*, No. 24-3718, 2025 WL 2181485, at \*4 (6th Cir. Aug. 1, 2025) ("Regardless of the specific subsection, each variation under § 2913.02 necessarily involves unlawfully obtaining control over something of value from another person."); *see also United States v. Rice*, No. 23-3771, 2024 WL 3898564, at \*5–6 (6th Cir. Aug. 22, 2024).

Evans offers no contrary argument.

**B.**

Does § 2911.01(A)(1) entail the wrongful use of force, fear of physical injury, or threat of physical injury?  Again, the answer is yes.

Recall that a § 2911.01(A)(1) aggravated-robbery conviction requires an offender to "have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it."  Ohio Rev. Code Ann. § 2911.01(A)(1) (citation modified).  "One cannot display, brandish, indicate possession of, or use a deadly weapon in the context of committing a theft offense without conveying an implied threat to inflict physical harm."  *State v. Brown*, 237 N.E.3d 162, 167 (Ohio 2024) (citation modified).  "That threat, whether implicit or explicit, is sufficient to

instill fear of physical injury and satisfies the coercive element of [Guidelines] extortion." *Mandela*, 2025 WL 2181485, at *5.

Moreover, "robbery [under §] 2911.02(A)(2) is a lesser included offense of aggravated robbery as defined in [§] 2911.01(A)(1)." *State v. Evans*, 911 N.E.2d 889, 895 (Ohio 2009). Section 2911.02(A)(2) robbery requires a defendant to "inflict, attempt to inflict, or threaten to inflict physical harm on another." Ohio Rev. Code Ann. § 2911.02(A)(2). An offender cannot commit § 2911.01(A)(1) aggravated robbery without also committing § 2911.02(A)(2) robbery. *Evans*, 911 N.E.2d at 895. Therefore, to commit aggravated robbery under § 2911.01(A)(1), one must, at a minimum, convey a threat of violence. *See Mandela*, 2025 WL 2181485, at *5; *Rice*, 2024 WL 3898564, at *5–6.

Evans makes two arguments in response to this analysis. Neither is availing.

*First*, Evans argues that because a person can commit aggravated robbery through theft by deception, the offense does not necessarily involve the wrongful use of force, or the wrongful use of the fear or threat of injury. But we rejected this very argument in *Coleman*. We noted "that Ohio's prosecutors had to prove that [the defendant] used, brandished, or displayed a deadly weapon." *Coleman*, 2025 WL 2391391, at *8. We explained further that "[i]t stretches credulity to imagine an aggravated robber using a weapon to steal from someone in a way that does not involve actual, feared, or threatened force." *Id.* Evans has given us no reason to change course.

*Second*, Evans argues that aggravated robbery is broader than Guidelines extortion because it criminalizes "conduct stemming from *flight* from a theft offense." D. 18 at p.25. So in Evans's view, a perpetrator could acquire a weapon after a theft offense, brandish it at some later point while fleeing, and then be convicted of aggravated robbery. But the flight contemplated in the aggravated-robbery statute must occur "immediately after" the theft offense. Ohio Rev. Code Ann. § 2911.01(A). And "immediately after" means without "a delay or lapse of time." *State v. Thomas*, 832 N.E.2d 1190, 1192 (Ohio 2005). Contrary to Evans's suggestion, there is at most only a "theoretical possibility" that Ohio would apply its aggravated-robbery statute to individuals who acquire and utilize a deadly weapon well after the commission of a

theft offense. *See Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007) (holding that the defendant must show a "realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime"); *see, e.g.*, *State v. Madera*, No. 93764, 2010 WL 3910750, at *3–4 (Ohio Ct. App. Oct. 7, 2010) (recognizing that where there is "enough delay between" a theft offense and the infliction of physical harm, an individual cannot be convicted for aggravated robbery because "the two actions . . . c[annot] be considered contemporaneous nor part of a single continuous transaction" (citation modified)). And Evans has not shown "a realistic probability" through caselaw that "state courts . . . apply the statute in the special (nongeneric) manner for which he argues." *Duenas-Alvarez*, 549 U.S. at 193.

At any rate, Guidelines extortion has no "concurrence requirement." *United States v. Carter*, 69 F.4th 361, 364 (6th Cir. 2023), *abrogated on other grounds by Cervenak*, 135 F.4th 311. So to the extent the two offenses differ, Guidelines extortion is broader than Ohio aggravated robbery by theft. *Id.*

\*     \*     \*

Evans's prior conviction for aggravated robbery by § 2913.02 theft, in violation of Ohio Revised Code § 2911.01(A)(1), categorically matches Guidelines extortion and thus constitutes a crime of violence. The district court therefore correctly found that Evans had a prior conviction for a crime of violence.

## IV.

For these reasons, we **AFFIRM** the district court's judgment and **GRANT** the government's motion to take judicial notice.