RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 22a0163p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

                    *Plaintiff-Appellee*,

    *v.*

DAVID BUTTS,

                    *Defendant-Appellant*.

No. 21-3783

Appeal from the United States District Court for the Northern District of Ohio at Cleveland.
No. 1:20-cr-00116-1—James S. Gwin, District Judge.

Decided and Filed: July 26, 2022

Before: GUY, MOORE, and CLAY, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:** Vanessa Malone, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Akron, Ohio, for Appellant. Laura McMullen Ford, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee.

_____

## OPINION

_____

KAREN NELSON MOORE, Circuit Judge. David Butts appeals the sentence imposed for his federal drug-trafficking and firearm offenses. During Butts's sentencing hearing, the district court found that one of Butts's prior Ohio robbery offenses was a predicate offense warranting a career-offender enhancement under the U.S. Sentencing Guidelines. On appeal, Butts and the government contend that this was error. We agree and hold that Butts's Ohio Revised Code § 2911.02(A)(2) robbery conviction predicated on a § 2913.02 theft offense does

not constitute a crime of violence under the "elements clause" of § 4B1.2(a) of the Guidelines.[1] However, because the procedural error in calculating the Guidelines range did not affect the district court's selection of the sentence, we **AFFIRM** the district court's judgment.

## I. BACKGROUND

Butts pleaded guilty to possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and two firearm-possession offenses. R. 42 (Plea Agreement ¶ 2, 10) (Page ID #334, 336). In the plea agreement, Butts did not stipulate to any sentencing range or computation of criminal history, deferring the calculation of his sentence to the district court's discretion under the Guidelines. *Id.* ¶ 11, 13 (Page ID #336–37). The Presentence Investigation Report submitted to the district court before sentencing indicated that Butts had two prior convictions that rendered him a "career offender" as defined by the Guidelines: one Ohio drug-trafficking conviction and, relevant to this appeal, a robbery conviction under Ohio Revised Code § 2911.02(A)(2).[2] R. 50 (PSR ¶ 29, 36, 39) (Page ID #428–30); R. 64 (Sentencing Hr'g Tr. at 4) (Page ID #492). Butts's designation as a career offender potentially subjected him to a higher base-offense level under § 4B1.1(b)(2) of the Guidelines.

During Butts's sentencing hearing, Butts objected to the designation of his Ohio Revised Code § 2911.02(A)(2) robbery conviction as a predicate offense warranting a sentence enhancement. R. 64 (Sentencing Hr'g Tr. at 4) (Page ID #492). Butts argued that the U.S. Supreme Court's opinion in *Borden v. United States*, 141 S. Ct. 1817, 1821–22 (2021), precludes the enhancement. R. 64 (Sentencing Hr'g Tr. at 4–5) (Page ID #492–93). *Borden* held that offenses that require only a reckless state of mind cannot serve as violent-felony predicates under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA), and Butts argued that his robbery offense did not require proof of any state of mind when using force under Ohio law. *Id.* The

---

[1]We do not reach the question of whether Butts's robbery conviction nonetheless qualifies as generic robbery under the "enumerated-offenses clause" of § 4B1.2(a).

[2]The Presentence Investigation Report mistakenly referred to the relevant predicate offense as a controlled-substance offense rather than a robbery conviction. R. 50 (PSR ¶ 29) (Page ID #428); R. 64 (Sentencing Hr'g Tr. at 4) (Page ID #492). The U.S. Probation Officer pointed out this mistake to the district court during Butts's sentencing hearing, and the district court acknowledged the correction. R. 64 (Sentencing Hr'g Tr. at 4) (Page ID #492).

government disagreed, interpreting Ohio law to require that a defendant act with at least a knowing state of mind in committing a robbery offense. *Id.* at 5–6 (Page ID #493–94). The district court adopted the government's position and found that Butts's § 2911.02(A)(2) conviction was a crime of violence warranting an enhancement. *Id.* at 6 (Page ID #494). After increasing Butts's offense level pursuant to the career-offender enhancement, subtracting three levels for acceptance of responsibility, and weighing the relevant sentencing factors, the district court varied downward from the applicable Guidelines range to impose concurrent 60-month sentences on counts 1 and 2, the violations of 21 U.S.C. § 841(a)(1) and (b)(1)(B), to be followed by the mandatory consecutive 60-month sentence on count 3, the violation of 18 U.S.C. § 924(c)(1)(A). *Id.* at 7–8, 11–12 (Page ID #495–96, 499–500). The district court found that a sentence of "120 months is a significant sentence in this case." *Id.* at 12 (Page ID #500). Butts timely appealed.

## II.  ANALYSIS

### A.  Career-Offender Enhancement

Under § 4B1.1 of the U.S. Sentencing Guidelines, a career offender—a person at least eighteen years old who has committed a crime of violence or a controlled-substance offense and "has at least two prior felony convictions of either a crime of violence or a controlled substance offense,"—receives an enhanced sentence. Section 4B1.2(a) of the Guidelines defines a "crime of violence" in two parts: the so-called "elements clause," which defines a crime of violence as an offense that "has an element the use, attempted use, or threatened use of physical force against the person of another," and the so-called "enumerated-offenses clause," which lists various generic offenses. Butts pleaded guilty to committing a controlled-substance offense when he was over eighteen, so he meets the threshold requirements of a career-offender enhancement. Butts also does not contest that he has been convicted of a controlled-substance offense that would qualify for the career-offender enhancement. R. 50 (PSR ¶ 29, 39) (Page ID #428, 430).

At issue in this case is whether Butts's robbery conviction under Ohio Revised Code § 2911.02(A)(2) constitutes a crime of violence under § 4B1.2(a)'s elements clause after *Borden*.[3] Butts argues that it does not. On appeal, the government changes course and concedes that point. "We are not bound to accept," however, "what in effect was a stipulation on a question of law." *United States v. Wilson*, 978 F.3d 990, 996 (6th Cir. 2020) (quoting *U.S. Nat'l Bank of Or. v. Ind. Ins. Agents of Am. Inc.*, 508 U.S. 439, 448 (1993)). In interpreting statutory language, we cannot delegate our authority to the parties, especially "given the widespread and serious effect that a decision" interpreting the Guidelines may have. *See id.* at 997. We therefore undertake our own analysis in resolving this question.

Under the now-familiar categorical approach, we look to the elements of a defendant's prior offenses, rather than the facts supporting the defendant's convictions, to determine whether an offense is a crime of violence under the Guidelines' elements clause. *United States v. Camp*, 903 F.3d 594, 599 (6th Cir. 2018). We assume that the defendant was convicted based on the least culpable conduct criminalized under the predicate offense and then ask whether that conduct would satisfy the Guidelines' definition of "crime of violence." *United States v. Yates*, 866 F.3d 723, 728 (6th Cir. 2017). We review de novo a district court's determination that a crime constitutes a crime of violence under the Guidelines. *United States v. Cooper*, 739 F.3d 873, 877 (6th Cir. 2014).

In *Borden*, the Court interpreted the definition of a "violent felony" under ACCA's elements clause, 18 U.S.C. § 924(e)(2)(B)(i), which conforms to § 4B1.2(a)'s elements clause in all relevant respects. 141 S. Ct. at 1821–22. The Court observed that the phrase "against another . . . demands that the perpetrator direct his action at, or target, another individual," and concluded that a violent felony predicate offense must criminalize the use of force committed with a mental state that is at least purposeful or knowing. *Id.* at 1825–28. In other words, an offense that

---

[3]We have previously held that a conviction under Ohio Revised Code § 2911.02(A)(2) is a crime of violence under the Guidelines in *United States v. Johnson*, 933 F.3d 540, 546 (6th Cir. 2019). In that case, we rejected the defendant's argument that "recklessness is an insufficient mental state for a conviction to qualify as a crime of violence," relying on *United States v. Verwiebe*, 874 F.3d 258, 262–64 (6th Cir. 2017). *Johnson*, 933 F.3d at 546. But *Johnson* predated *Borden*, which abrogated *Verwiebe*. *See Borden,* 141 S. Ct. at 1823, 1825. We explicitly "t[ook] no position" in *Johnson* on the state of mind required for a § 2911.02(A)(2) conviction. *Johnson*, 933 F.3d at 546 n.2. To the extent that *Johnson* conflicts with *Borden*, its holding no longer controls. *See Ne. Ohio Coal. for the Homeless v. Husted,* 831 F.3d 686, 720 (6th Cir. 2016).

forbids the use, attempted use, or threatened use of force committed recklessly (or with a less culpable state of mind) cannot be a violent felony under ACCA. *Id.* at 1825. Because authority that interprets ACCA's elements clause guides our analysis of what constitutes a "crime of violence" pursuant to § 4B1.2(a), *see United States v. Patterson,* 853 F.3d 298, 305 (6th Cir. 2017), an offense requiring a reckless state of mind cannot be a crime of violence under § 4B1.2(a) either.

With *Borden* as a backdrop, we turn to Ohio law. At the time of Butts's conviction, Ohio Revised Code § 2911.02(A) provided that:

> (A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
>
> (1) Have a deadly weapon on or about the offender's person or under the offender's control;
>
> (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another;
>
> (3) Use or threaten the immediate use of force against another.

We assume that, like Ohio's felonious assault statutes, Ohio's robbery statute is divisible, meaning that the statute defines multiple crimes by alternatively listing elements. *See Wilson*, 978 F.3d at 993; *United States v. Johnson*, 933 F.3d 540, 543–44 (6th Cir. 2019). Here, there is no dispute that Butts's prior conviction was under (A)(2), which on its face does not indicate the state of mind a defendant must have to inflict, attempt to inflict, or threaten to inflict physical harm.

The Ohio Supreme Court has given this omission maximum effect in *State v. Tolliver*, 19 N.E.3d 870, 875 (Ohio 2014). Because "[§] 2911.02(A) predicates every robbery on the elements of a completed or an attempted 'theft offense,'" the court held that the mens rea for the underlying theft offense specifies the mens rea that the state must prove to convict a person of robbery. *Id.* at 874. But that does not mean that Ohio imputes the mens rea for the theft offense to any of § 2911.02's subdivisions. Quite the opposite; *Tolliver* held that the state does not need to prove a mens rea for § 2911.02(A)(3)'s force element at all. *Id.* at 874–75.[4]

---

[4]We recognize that § 2911.02(A)(3) uses language very similar to that of § 4B1.2(a)'s elements clause. But because the Ohio Supreme Court and the U.S. Supreme Court interpret this language differently, conduct that

Although *Tolliver* analyzed convictions under § (A)(3) rather than § (A)(2) of § 2911.02, it made clear that its reasoning applies equally to all of § 2911.02's subdivisions. *Id.* Under that reasoning, if a defendant inflicts physical harm while committing a theft in Ohio, the defendant commits robbery, even if the harm was inflicted without a mens rea.

Without a state of mind linked to the physical injury element of a § 2911.02(A)(2) conviction, we must ask whether a theft offense underlying the conviction necessarily involved knowing or purposeful "use, attempted use, or threatened use of physical force against the person of another." USSG § 4B1.2(a)(1). If the underlying theft offense does not necessarily require the knowing or intentional use, attempted use, or threatened use of force when a person inflicts, attempts to inflict, or threatens to inflict physical harm on another, then the § 2911.02(A)(2) conviction is not a crime of violence under U.S. Sentencing Guidelines § 4B1.1(a). Pursuant to the robbery statute, § 2911.02(C)(2), "theft offense" has the same meaning as in § 2913.01, which in turn lists more than 31 theft offenses. *See Wilson*, 978 F.3d at 995–96.

When examining a theft offense underlying a robbery statute, we do not ask whether a conviction under *any* of Ohio's theft offenses could involve a negligent or reckless use of force. *Id*. That is because when a statute is divisible, we look to the defendant's particular underlying conviction to determine whether that offense is a predicate crime of violence. *Id.* at 996. We have held that the phrase "theft offense" in Ohio's aggravated robbery statute (one very similarly structured to § 2911.02(A)(2)) divides the statute into multiple theft offenses, *id.* at 997, and we see no reason to treat Ohio's non-aggravated robbery statute differently. Because § 2911.02's theft element is divisible, we look to so-called *Shepard* documents, or state-court records reflecting the charge, to determine which Ohio theft offense predicated Butts's robbery charge. *See id. at* 999; *Shepard v. United States,* 544 U.S. 13, 26 (2005). We then ask whether that theft conviction could involve the reckless use, attempted use, or threatened use of force against the person of another.

---

Ohio criminalizes under the same language may not fall within the Guidelines' ambit. *See Tolliver*, 19 N.E.3d at 874 ("The section defining robbery makes clear which elements of the offense require proof of culpability, and the force element in R.C. 2911.02(A)(3) is not one of them.").

Following this winding statutory path, we arrive at Butts's conviction. The theft offense underlying Butts's robbery conviction was identified as a violation of § 2913.02. R. 1 (Indictment ¶ 1(a)) (Page ID #1); Charge Information, *Ohio v. Butts*, CR-02-428814-ZA (Cuyahoga County Court of Common Pleas), available at https://cpdocket.cp.cuyahogacounty.us.[5] Section 2913.02 provides:

> (A)  No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
>
> (1)  Without the consent of the owner or person authorized to give consent;
>
> (2)  Beyond the scope of the express or implied consent of the owner or person authorized to give consent;
>
> (3)  By deception;
>
> (4)  By threat;
>
> (5)  By intimidation.

The government posits that this theft offense is likewise divisible but concedes that it cannot establish whether the offense that Butts committed necessarily required knowingly forceful conduct.[6] Clearly, it is possible for an individual to commit a theft under § 2913.02 without purposefully or knowingly using, attempting to use, or threatening to use force. One could imagine, for example, a defendant who intentionally reaches for a woman's purse and accidentally knocks the woman down in the process, inflicting physical harm. At least theoretically then, a person could commit a theft offense purposefully or knowingly pursuant to

---

[5]On appeal, we may take judicial notice of state-court documents that describe the elements of a defendant's underlying conviction and are not subject to reasonable dispute. *See, e.g.*, *United States v. Duffy*, 821 F. App'x 483, 487–88 (6th Cir. 2020). The indictment in the case before us provides the docket number for Butts's underlying state § 2911.02(A)(2) conviction. R. 1 (Indictment ¶ 1(a)) (Page ID #1). The government has directed us to the Cuyahoga County Clerk's website, which provides a summary of the charges, including the § 2913.02 theft charge, for the docket number associated with Butts's § 2911.02(A)(2) conviction. Butts does not dispute the accuracy of this charge summary, and the summary characterizes the underlying robbery indictment, which is itself proper *Shepard* material. *Cf. United States v. Armes*, 953 F.3d 875, 884 (6th Cir. 2020) (holding that a court may determine the elements of a prior conviction based on a presentence report when those prerequisites are met). For the purposes of this appeal, we therefore consider the Cuyahoga County Clerk's record a *Shepard* document "comparable" to a charging document or indictment. *Shepard*, 544 U.S. at 26.

[6]Without the benefit of briefing from Butts on the issue and because it is unnecessary to reach the outcome in this case, we take no position regarding the divisibility of § 2913.02.

§ 2913.02 while recklessly or negligently inflicting physical harm as proscribed by § 2911.02(A)(2).

In applying the categorical approach, however, we must look beyond the theoretical to the reality of prosecutions. *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013). There must exist "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). Reality confirms the theory in this case: Ohio courts have upheld § 2911.02(A)(2) convictions involving an infliction of harm due to, at most, a reckless use of force against another person. In *State v. Pellegrini*, for example, a jury convicted a defendant of § 2911.02(A)(2) robbery when the defendant snatched a moneybag from a grocery store employee, the bag caught onto a ring on the employee's pinky finger, and the employee's finger swelled for several days. 3d Dist. Allen No. 1-12-30, 2013-Ohio-141, ¶ 2. The Ohio Court of Appeals held that it was enough for the defendant to anticipate any injury to the victim to act recklessly and upheld the conviction. *Id.* ¶ 31. *State v. Jones* similarly involved a "visible scratch" that a defendant inflicted when he grabbed a woman's purse. 8th Dist. Cuyahoga No. 85050, 2005-Ohio-2458, ¶ 4, 26. In upholding Jones's § 2911.02(A)(2) robbery conviction, the court did not analyze whether Jones intentionally or purposefully inflicted the scratch. *Id.* ¶ 19, 26. And *Tolliver* likewise renders an (A)(2) conviction that runs afoul of *Borden* more probable than theoretical. As previously mentioned, although *Tolliver* involved a conviction under § 2911.02(A)(3) instead of (A)(2), its underlying holding applies equally to (A)(2) convictions. 19 N.E.3d at 874.

In light of *Borden*'s emphasis that the phrase "against another" introduces the "conscious object (not the mere recipient) of the force," 141 S. Ct. at 1825–26, these cases provide a "realistic probability . . . that [Ohio] would apply its statute to conduct that falls outside" the post-*Borden* definition of a crime of violence, *Duenas-Alvarez*, 549 U.S. at 193. We therefore conclude that an Ohio Revised Code § 2911.02(A)(2) robbery conviction—at least one predicated on an unspecified § 2913.02 theft offense—is not a crime of violence under the elements clause of § 4B1.2(a) of the Guidelines.

Mindful of our duty carefully to scrutinize the legal basis for our holding, *see Wilson*, 978 at 996–97, we examine the strongest case against the parties' position. In *Patterson*, we held that a deadly-weapon aggravated robbery conviction under § 2911.01(A)(1)[7] required proof of the "lesser included offense" of § 2911.02(A)(2) robbery, which was enough to satisfy ACCA's violent-felony definition. 853 F.3d at 303. Context illustrates why *Patterson* does not control here. Following Ohio law, *Patterson* held that it would be impossible to commit aggravated robbery with a deadly weapon "without conveying an implied threat to inflict physical harm." *Id.* at 302 (quoting *State v. Evans*, 911 N.E.2d 889, 894 (Ohio 2009)). Such a threat would necessarily satisfy both § 2911.02(A)(2)'s definition, which requires that a defendant "inflict, attempt to inflict, or *threaten* to inflict physical harm on another" and ACCA's violent-felony definition, requiring proof of "the use, attempted use, or *threatened* use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i) (emphasis added). But in this case, Butts was not convicted of a robbery involving a deadly weapon, so his (A)(2) conviction did not necessarily involve threatening conduct. Thus, unlike in *Patterson*, it is possible for Butts to have "inflicted" physical harm, thereby violating § 2911.02(A)(2), without knowingly or purposefully using, attempting to use, or threatening to use physical force.

In reaching its conclusion, moreover, *Patterson* referenced Ohio case law holding that the use of a deadly weapon during a robbery is inherently threatening. 853 F.3d at 302–03. But no Ohio case has indicated that a person who "[i]nflict[s], attempt to inflict[s], or threaten[s] to inflict physical harm on another" necessarily knowingly or purposefully uses, attempts to use, or threatens to use physical force. USSG § 4B1.2(a)(1). In fact, Ohio case law has indicated that the state need not prove a state of mind associated with the infliction of force or physical harm. *Tolliver*, 19 N.E.3d at 874–875. Contrary to *Patterson*, in which we identified no cases supporting the defendant's position, Ohio cases have upheld § 2911.02(A)(2) convictions involving a less-than-knowing use of force. *See Pellegrini*, 2013-Ohio-141, ¶ 2; *Jones*, 2005-Ohio-2458, ¶ 26.

---

[7]Section 2911.01(A)(1) states that "[n]o person, in attempting or committing a theft offense . . . shall . . . [h]ave a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it."

We also noted in *Patterson* that a conviction under § 2911.02(A)(2) "counts as a violent felony under the elements clause," citing an unpublished order.  853 F.3d at 303.  *Patterson*'s passing reference, however, was unnecessary to the outcome of the case, which involved the § 2911.01(A)(1) deadly-weapon aggravated-robbery enhancement, so it was dicta.  *See Williams v. United States*, 927 F.3d 427, 435–36 (6th Cir. 2019).  *Patterson* did not address whether a § 2911.02(A)(2) conviction could involve the reckless use of force and does not control here. *Williams*, 927 F.3d at 435–36.

In sum, review of our precedent and Ohio caselaw leads us to conclude that Butts's Ohio Revised Code § 2911.02(A)(2) robbery conviction predicated on a § 2913.02 theft offense does not qualify as a crime of violence under the "elements clause" of § 4B1.1(a).  We find it likely that the U.S. Sentencing Commission did not intend a theft offense resulting in the reckless or negligent infliction of physical harm—no matter how slight or accidental—to be the kind of "crime of violence" that warrants a sentence enhancement.  *Cf. Borden*, 141 S. Ct. at 1830–32; *Yates*, 866 F.3d at 730 (noting that other courts have held that "when a state robbery statute criminalizes minimal force, such as the force incidental to purse-snatching, a conviction under that statute is not a 'crime of violence' under the guidelines' force clause").  Therefore, Butts's sentence enhancement under § 4B1.2(a)'s elements clause cannot stand.

## B. Harmless Error

Normally, once we find procedural error, remand for resentencing is required "unless we are certain that any such error was harmless—*i.e.* any such error 'did not affect the district court's selection of the sentence imposed.'"  *United States v. Hazelwood*, 398 F.3d 792, 801 (6th Cir. 2005) (quoting *Williams v. United States*, 503 U.S. 193, 203 (1992)).  The burden rests with the government to "demonstrate to the [c]ourt *with certainty* that the error at sentencing did not cause the defendant to receive a more severe sentence."  *United States v. Ziesel*, __ F.4th __, 2022 WL 2339157, at *5 (6th Cir. June 29, 2022) (quoting *United States v. Gillis*, 592 F.3d 696, 699 (6th Cir. 2009)).  Here, the government does not ask us to affirm on harmless-error grounds, but rather asks us to remand for the district court to consider a new argument: whether Butts's § 2911.02(A)(2) conviction qualifies as generic robbery under the "enumerated-offenses" clause

of § 4B1.2(a). The district court's downward variance in sentencing Butts, however, raises the question of whether the career-offender designation made a difference in his sentence.

Although we have, in certain circumstances, considered the government's failure to make a harmless-error argument a forfeiture or waiver, *see Ayers v. Hudson,* 623 F.3d 301, 317 n.12 (6th Cir. 2010); *United States v. Johnson*, 467 F.3d 559, 564 (6th Cir. 2006), it is within our discretion to consider harmless error sua sponte, *see Gover v. Perry*, 698 F.3d 295, 299–301 (6th Cir. 2012); *Miller v. Stovall*, 608 F.3d 913, 927 (6th Cir. 2010), *vacated on other grounds by Stovall v. Miller*, 565 U.S. 1031 (2011). Justifying the exercise of this discretion is the benefit of avoiding futile proceedings in the district court. *See Gover*, 698 F.3d at 301. At the same time, we are conscious of the dangers of prejudice inherent in the defendant's inability to defend against a harmless-error argument. *See United States v. Gonzalez-Flores*, 418 F.3d 1093, 1101 (9th Cir. 2005). When we are convinced that the error is harmless "upon review of a clear record," *Gover*, 698 F.3d at 301, in other words, when we are certain that any error did not affect the defendant's sentencing outcome, *see United States v. Flowers*, 963 F.3d 492, 498 (6th Cir. 2020), we may conduct a harmless-error analysis on our own accord.

Because we are certain that the district court could not have imposed a lower sentence even if the court had not applied the career-offender enhancement, we conclude that the district court's error was harmless. Although the district court calculated Butts's applicable Guidelines range using the career-offender enhancement, the district court also granted a substantial downward variance from that range and imposed concurrent 60-month sentences on Butts's drug convictions under 21 U.S.C. § 841(a)(1) and (b)(1)(B). But the statutorily mandatory minimum sentence for Butts's drug conviction under 21 U.S.C. § 841(a)(1) and (b)(1)(B) was five years—or 60 months—and the sentence for possessing a firearm in furtherance of a drug-trafficking crime under 18 U.S.C. § 924(c)(1)(A)(i) required a consecutive five-year—or 60-month—sentence. Thus, regardless of whether the career-offender enhancement applied, Butts could not have received a shorter sentence than the one he received—120 months—as a result of the district court's downward variance. The district court erred in applying the career-offender enhancement to Butts's § 2911.02(A)(2) robbery conviction under the "elements clause" of § 4B1.2(a), but that error does not warrant a remand because it was harmless.

## III.  CONCLUSION

For the reasons stated above, we **AFFIRM** the judgment of the district court.